## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| YAN-XU LU, | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| v. | **Case No. 2:24-cv-00029-HCN-JCB** |
| SEAN D. REYES, Utah State Attorney General Office; KYLE J. KAISER, Section Director, Civil Rights Section Litigation Division; J. CLIFFORD PETERSEN, Assistant Utah Attorney General; DAVID JONES, Director of Education Department; KRISTA L. PICKENS, Director, Office of Equal Opportunity and Affirmative Action; TAYLOR R. RANDALL, President, University of Utah; LORI MCDONALD, Director of the Dean of the Student Service; RYAN RANDLL, Former Assistant Dean of Students for Behavioral Intervention and Advocacy; CHALIMAR SWAIN, Director of International Student and Scholar; DONN SCHAEFER, Trombone Professor, University of Utah School of Music; MIGUEL CHUAQUI, Music Composition Processor, University of Utah School of Music; MIKE COTTLE, Music Technology Professor, University of Utah School of Music; ROBERT BALDWIN, Orchestra Conducting Professor and Interim Director, University of Utah School of Music; MICHAEL GOODRICH, Internal Auditor, University of Utah; and CHARLES PIELE, Audit Manager, University of Utah, | **District Judge Howard C. Nielson, Jr.**<br><br>**Magistrate Judge Jared C. Bennett** |
| **Defendants.** | |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Yan-Xu Lu's ("Mr. Lu") complaint.[2] Mr. Lu has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court will review the sufficiency of Mr. Lu's complaint under the authority of the IFP Statute. After review of Mr. Lu's complaint, the court determines that claim preclusion bars Mr. Lu's claims against most Defendants, and Mr. Lu fails to state a claim against the remaining Defendants. Therefore, the court recommends dismissal of this action.

BACKGROUND

The United States District Court for the Northern District of Texas transferred Mr. Lu's complaint to this court on January 12, 2024.[4] Under 42 U.S.C. § 1983, Mr. Lu alleges deprivation of his rights under the Fifth and Fourteenth Amendments of the U.S. Constitution, Article I, Section 7 of the Utah Constitution, as well as Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").[5]

Mr. Lu names a number of Defendants in his complaint, whom he groups into two categories: (I) Sean D. Reyes, Kyle J. Kaiser, J. Clifford Petersen, David Jones, and Krista L. Pickens (Utah State Attorney General Office) (collectively, "AG Defendants"); and (II) Taylor R. Randall, Lori McDonald, Ryan Randll [sic], Chalimar Swai [sic], Donn Schaeferm [sic], Miguel Chuaqui, Mike Cottle, Robert Baldwin, Michael Goodrich, and Charles Piele (University of

---

[1] ECF No. 14.

[2] ECF No. 3.

[3] ECF No. 17.

[4] ECF No. 12.

[5] ECF No. 3 at 25-32.

Utah) (collectively, "University Defendants").[6] Mr. Lu alleges that all Defendants have "applied [Mr. Lu's] false Texas State criminal and academic records forged by them preventing [Mr. Lu] to obtain any U.S. visa for all purposes."[7] Mr. alleges that "false criminal, academic documents and health reports still damage [Mr. Lu's] reputation[] in his professional music careers both domestically and internationally and all Defendants still refuse[] to correct them."[8] Mr. Lu alleges that the AG Defendants have "perverted the course of justice by wrongfully applying Utah Governmental Immunity Acts to shield all of its Utah government employees' violations."[9]

Upon review, the court learned that this is Mr. Lu's third civil rights action filed in this court seeking compensation for injuries he experienced when the University of Utah did not renew his teaching-assistantship contract.[10] Indeed, Mr. Lu indicates that the nature of this current case is based on the factual background in this court's prior decision to dismiss Mr. Lu's second federal complaint ("*Lu II*").[11] In the instant complaint ("*Lu III*"), Mr. Lu appears to challenge the court's decision in *Lu II* to dismiss Mr. Lu's claims due to claim preclusion and the Utah Governmental Immunity Act ("UGIA"), as Mr. Lu states that "[t]he court order proves that corruptions in Utah State Attorney General Offices have deeply embedded."[12] Because the

---

[6] *Id.* at 1.

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.* at 3.

[10] *See Lu v. Univ. of Utah*, Case No. 2:13-cv-00984-TC-BCW, 2015 WL 5838797 (D. Utah Oct. 7, 2015 ("*Lu I*"); *Lu v. Univ. of Utah*, No. 2:16-CV-00051-CW, 2018 WL 1585943, at *3 (D. Utah Mar. 28, 2018) ("*Lu II*").

[11] ECF No. 3 at 8.

[12] *Id.* at 21.

instant action—*Lu III*—is based on the same underlying facts as *Lu I* and *II*, and because *Lu III* appears to challenge the court's dismissal of *Lu II*, the court summarizes its prior decisions.

## I.   *Lu I*

Mr. Lu first sued the University Defendants except Taylor Randall in 2013, claiming that the Defendants had not fulfilled their promises to provide him a scholarship to allow him to finish his doctoral studies at the University.[13] The University and Mr. Lu entered a contract for him to be a graduate teaching assistant in the 2010-2011 academic year.[14] After the first year— either because of a lack of funding or because the relationship soured—the University declined to offer Mr. Lu another year of scholarships.[15] Mr. Lu did not enroll the following term and his failure to enroll was reported to immigration officials.[16] Subsequently, Mr. Lu's visa was not extended, resulting in his deportation to Taiwan.[17] Mr. Lu then filed suit alleging that the Defendants slandered him, were "derelict" of their duties, and breached the contract.[18]

Defendants filed a motion to dismiss all claims,[19] and the court found that the Eleventh Amendment, the UGIA, the parol evidence rule, and the statute of frauds barred Mr. Lu's claims.[20] Additionally, the court ruled that Mr. Lu failed to state a claim under the Alien Tort Claims Act, Taiwan Relations Act, the International Covenant on Economic, Social, and Cultural

---

[13] *Lu v. Univ. of Utah*, Case No. 2:13-cv-00984-TC, 2015 WL 5838797 (D. Utah Oct. 7, 2015).

[14] *Id.* at *1.

[15] *Id.* at *2.

[16] *Id.*

[17] *Id.*

[18] *Id.* at *1.

[19] *Id.*

[20] *Id.* at *4-7.

Rights, or any other international treaty.[21] The court dismissed Mr. Lu's complaint with prejudice,[22] and the United States Court of Appeals for the Tenth Circuit affirmed.[23]

## II.   *Lu II*

Three years later, Mr. Lu initiated a second lawsuit against the University Defendants, once again asserting claims arising out of the University's failure to renew his graduate assistantship and scholarship.[24] This time, the court construed Mr. Lu's claims as claims for retaliation, origin discrimination, and racial discrimination under Title VII and an employment discrimination claim under Title I of the ADA.[25] Mr. Lu claimed that, as a result of these violations by Defendants, he lost his visa in 2011, was barred from returning to the United States for five years, suffered emotional distress and professional losses since 2011, and that he suffers ongoing discrimination because Defendants "still refuse to admit the mistakes and correct all the mistakes on his academic and immigration records."[26] Upon review, Magistrate Judge Furse reasoned that claim preclusion barred Mr. Lu's case because the case arose of out of a common nucleus of facts as those in *Lu I*, which ended with a judgment on the merits, and Mr. Lu had a full and fair opportunity to litigate his claims in that case.[27] Additionally, Judge Furse found that Mr. Lu's Title VII and ADA claims were time barred, and any tort claims Mr. Lu asserted were

---

[21] *Id.* at *7-8.

[22] *Id.* at *8.

[23] *Lu v. Univ. of Utah*, 660 F. App'x 573 (10th Cir. 2016) (unpublished)).

[24] *Lu v. Univ. of Utah*, Case No. 2:16-CV-00051-CW.

[25] *Lu v. Univ. of Utah*, No. 2:16-CV-00051-CW, 2018 WL 1585943, at *3 (D. Utah Mar. 28, 2018).

[26] *Id.* at *4.

[27] *Id.* at *5-7.

barred by the Eleventh Amendment and the UGIA.[28] Judge Waddoups adopted Judge Furse's recommendation and dismissed the action with prejudice.[29] The Tenth Circuit affirmed.[30]

### LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[31] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[32] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[33] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[34]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[35] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing

---

[28] *Id.* at *7-8.

[29] *Lu v. Univ. of Utah*, No. 2:16-CV-00051-CW, 2018 WL 3993458 (D. Utah Aug. 21, 2018).

[30] *Lu v. Univ. of Utah*, 790 F. App'x 933 (10th Cir. 2019).

[31] 28 U.S.C. § 1915(e)(2)(B)(ii).

[32] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[33] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[34] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[35] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[36] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[37] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[38] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[39]

In analyzing Mr. Lu's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[40] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[41] Consequently, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[42] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

---

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[37] *Id.*

[38] *Twombly*, 550 U.S. at 555.

[39] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[40] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[41] *Bellmon*, 935 F.2d at 1110.

[42] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[43]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend."[44]

**ANALYSIS**

The court recommends dismissal of Mr. Lu's complaint for two reasons: (I) claim preclusion bars Mr. Lu's claims against the University Defendants and; (II) Mr. Lu fails to state a claim against the AG Defendants. After addressing these two issues, the court discusses in (III) that granting Mr. Lu an opportunity to amend his complaint is futile.

## I.    Claim Preclusion Bars Mr. Lu's Claims Against the University Defendants.

Claim preclusion bars Mr. Lu's Title VII and ADA claims against the University Defendants. "Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised

---

[43] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[44] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

in the prior action."[45] In the Tenth Circuit, "[c]laim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits."[46] In determining the third element, the Tenth Circuit has adopted the transactional approach to a cause of action, defining it to include "all claims or legal theories of recovery that arise from the same transaction, event, or occurrence."[47]

In *Lu II*, Mr. Lu asserted Title VII and ADA claims against all the University Defendants arising out of the University's decision not to renew Mr. Lu's graduate assistantship and scholarship. All three of the above-referenced elements are satisfied. First, there was a final judgment on the merits in the earlier action because Judge Waddoups previously dismissed *Lu II* with prejudice. Second, the University Defendants are identical to those in the instant case. Third and finally, under the transactional approach adopted by the Tenth Circuit, all of Mr. Lu's "claims or legal theories of recovery" in this action "arise from the same transaction, event, or occurrence,"[48] as *Lu II*. In sum, after having a full and fair opportunity to litigate these claims, Mr. Lu now makes a third attempt to have his grievances against the University Defendants reheard after a final judgment has been issued on the merits of his complaint in *Lu II*. This is impermissible under *res judicata* and requires dismissal of the claims against the University Defendants.

---

[45] *Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993) (quotations and citation omitted).

[46] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

[47] *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2003) (quotations and citation omitted).

[48] *Id.*

## II.     Mr. Lu Fails to State a Claim Against the AG Defendants.

The claims asserted against the AG Defendants are also subject to dismissal. In liberally construing Mr. Lu's complaint, Mr. Lu appears to allege that the AG Defendants violated Mr. Lu's procedural and substantive due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 7 of the Utah Constitution.[49] Specifically, in support of these claims, Mr. Lu alleges what he calls "discovery of corruptions and more civilians' sufferings."[50] Mr. Lu states that, in March 2021, Mr. Lu discovered other lawsuits against the University of Utah that, according to Mr. Lu, demonstrate other "violations of discriminations" and "case of government corruption[]."[51] Mr. Lu alleges that these "long-term corruptions have deprived not only [Mr. Lu] but also the other civilians['] constitutional and international human rights."[52] This is because, according to Mr. Lu, "Defendants still [apply] [UGIA] to allow all faculties' violations against [Mr. Lu] and Defendants still failed to improve their discrimination violations to damage students."[53] This alleged corruption, in turn, has "misled [f]ederal [c]ourt in Utah [to] still allow Defendants to apply [UGIA] . . . and overlook all previous historical violations under 42 U.S.C. § 1983."[54] These allegations do not support a

---

[49] ECF No. 3 at 26.

[50] *Id.* at 22.

[51] *Id.*

[52] *Id.* at 25.

[53] *Id.* at 26.

[54] *Id.*

claim under the Fifth or Fourteenth Amendments or under Article I, Section 7 of the Utah

Constitution. Each claim is discussed in order below.

First, Mr. Lu cannot state any violations of due process under the Fifth Amendment

because his allegations do not involve any actions taken by the federal government.[55] The AG

Defendants are attorneys who are employed by the state of Utah, and, therefore, are not affiliated

with the federal government. However, to the extent that Mr. Lu is challenging this court's

decision in *Lu II*, the U.S. District Court for the District of Utah is not a named Defendant in Mr.

Lu's complaint. And, moreover, the correct mechanism to challenge this court's application of

the UGIA to dismiss Mr. Lu's claims is either an appeal of this court's decision or a Rule 60(b)

motion for relief from a judgment. Mr. Lu has exhausted both options: The Tenth Circuit

affirmed the court's decision in *Lu II*,[56] the United States Supreme Court denied certiorari,[57] and

Judge Waddoups denied Mr. Lu's motion to reopen the case.[58] Mr. Lu's arguments for relief in

support of his motion to reopen the case were untimely when they were first made[59] and, if the

court construes Mr. Lu's allegations in *Lu III* as Rule 60(b) arguments, they are untimely now.

---

[55] *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997) ("[T]he Fifth Amendment protects against actions by the federal government."); *see also Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013) ("The Due Process Clause of the Fifth Amendment applies only to action by the federal government . . . .").

[56] *Lu v. Univ. of Utah*, 790 F. App'x 933 (10th Cir. 2019).

[57] *Lu v. Univ. of Utah*, No. 19-950, 140 S.Ct. 2634 (2020).

[58] ECF No. 50, Case No. 2:16-CV-00051-CW.

[59] ECF No. 50 at 2, Case No. 2:16-CV-00051-CW ("But under Rule 60(c)(1) of the Federal Rules of Civil Procedure, such claims must be brought 'no more than a year after the entry of the judgment or order . . . .' The Order was entered on August 21, 2018, and the court entered Judgment against [Mr. Lu] on August 29, 2018 . . . Thus, [Mr. Lu's] ability to bring the claims he now asserts expired, at the latest, over a year ago on August 29, 2019. As such, [Mr. Lu's] motion is denied as untimely under Rule 60(c)(1) of the Federal Rules of Civil Procedure.").

Second, Mr. Lu fails to state a claim of either procedural or substantive due process under the Fourteenth Amendment. Beginning with procedural due process, it "ensures the state will not deprive a party of property [or liberty] without engaging in fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property [or liberty] for an arbitrary reason regardless of the procedures used to reach that decision."[60] To state a procedural due process violation, Mr. Lu must allege: "(1) a constitutionally protected liberty or property interest, and (2) a governmental failure to provide an appropriate level of process."[61] On the other hand, substantive due process bars "certain government actions regardless of the fairness of the procedures used to implement them."[62] Substantive due process was intended to prevent "government officials from abusing [their] power, or employing it as an instrument of oppression."[63]"[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense."[64] Thus, to state a substantive due process violation, Mr. Lu must allege a deprivation through state conduct that "is 'arbitrary, lacking a rational basis, or shocking to the conscience of the [c]ourt.'"[65]

---

[60] *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000) (discussing the Rule 12(b)(6) pleading standard of due process claims); *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).

[61] *Citizen Ctr. v. Gessler*, 770 F.3d 900, 916 (10th Cir. 2014); see also *Martin Marietta Materials, Inc. v. Kan. Dep't of Transp.*, 810 F.3d 1161, 1171–72 (10th Cir. 2016) (requiring a constitutionally protected interest, a deprivation, and "a lack of constitutionally adequate notice and a hearing").

[62] *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998).

[63] *Collins v. Harker Heights*, 503 U.S. 115, 126 (1992).

[64] *Lewis*, 523 U.S. at 846.

[65] *Cohon ex rel. Bass v. N.M. Dep't of Health*, 646 F.3d 717, 731 (10th Cir. 2011) (quoting *Butler v. Rio Rancho Public Sch. Bd. of Educ.*, 341 F.3d 1197, 1200–01 (10th Cir. 2003)).

As to procedural due process, Mr. Lu does not clearly articulate what protected property or liberty interest upon which the AG Defendants allegedly infringed. Mr. Lu also fails to describe what process Mr. Lu deserved and did not receive. However, if Mr. Lu is alleging a property or liberty interest in his "false Texas State criminal and academic records" and inability to "obtain any U.S. visa,"[66] he fails to allege how the AG Defendants were involved in the deprivation of this interest, and, as *Lu II* demonstrates, the AG Defendants took no part in the University's decision not to renew Mr. Lu's graduate assistantship and scholarship. Therefore, Mr. Lu's procedural due process claim against the AG Defendants fails.

As to substantive due process, Mr. Lu has not alleged how the AG Defendants acted arbitrarily, without rational basis, or in a shocking manner. Mr. Lu argues only that the UGIA is "wrongly appl[ied]" in Mr. Lu's cases and others "to shield all of its Utah government employees' violations."[67] In so doing, Mr. Lu has not alleged a constitutionally protected interest and a governmental failure to provide an appropriate level of process. Instead, Mr. Lu takes issue with the UGIA and the way it was applied in his case. This is not a plausible claim under the Fourteenth Amendment's Due Process Clause.

Finally, Mr. Lu's due process claim under Article I, Section 7 of the Utah Constitution also fails. Like its federal counterpart, Utah's due process clause provides that "[n]o person shall be deprived of life, liberty, or property without due process of law."[68] The Utah Supreme Court interprets the state due process clause consistent with Supreme Court case law interpreting the

---

[66] ECF No. 3 at 6.

[67] *Id.* at 3.

[68] Utah Const. Art. I, § 7.

federal due process clause.[69] Accordingly, this court's analysis of Mr. Lu's federal due process claims "applies with equal force to [Mr. Lu's] due process claim under the Utah Constitution."[70] Consequently, Mr. Lu fails to state a claim for relief under Article I, Section 7.

**III.    Providing Mr. Lu With an Opportunity to Amend His Complaint Would Be Futile.**

As stated above, after reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend."[71] When Judge Waddoups dismissed *Lu II*, he provided Mr. Lu with specific reasons why his claims were deficient. The deficient claims that resulted in *Lu II* being dismissed with prejudice share a common nucleus of facts with the claims in the instant action and, therefore, are precluded. Additionally, as to the new claims Mr. Lu has added against the AG Defendants that are not precluded, it is obvious Mr. Lu cannot prevail on the facts he has alleged. Under these circumstances, providing Mr. Lu with an opportunity to amend would be futile, and therefore, this action should be dismissed with prejudice.[72]

---

[69] *Disability Law Ctr. v. Utah*, 180 F. Supp. 3d 998, 1013 (D. Utah 2016) (*citing Terra Utils. v. Public Serv. Comm'n.*, 575 P.2d 1029 (Utah 1978) ("Since the due process clause of our state Constitution (Article I, Section 7) is substantially similar to the Fifth and Fourteenth Amendments to the federal Constitution, the decisions of the Supreme Court of the United States on the federal due process clauses are highly persuasive as to the application of that clause of our state Constitution.").

[70] *Id.*

[71] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[72] *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (explaining that dismissal with prejudice is appropriate where a plaintiff's amended pleadings fail to cure the deficiencies in his claims); *Creamer v. Washburn L. Sch.*, No. 19-CV-2044-CM-TJJ, 2019 WL 2647682, at *3 (D. Kan. Apr. 24, 2019) ("Plaintiff has already filed an Amended Complaint that also fails to state a claim upon which relief may be granted, so it appears it would be futile to allow Plaintiff to

CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS that this action be DISMISSED WITH PREJUDICE. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[73] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[74] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of March 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

amend her complaint again."), *report and recommendation adopted*, No. 19-2044-CM-TJJ, 2019 WL 2646660 (D. Kan. June 27, 2019); *Carey v. Avis Budget Car Rental, LLC*, No. 13-CV-0326-CVE-FHM, 2013 WL 5744754, at *7 (N.D. Okla. Oct. 23, 2013) ("Plaintiff has previously been given leave to amend her complaint. Plaintiff's amended complaint, like her original complaint, fails to state a claim. The Court finds that granting plaintiff leave to amend her complaint a second time would be futile.").

[73] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[74] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).